USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ERIC JOHNSON,

Plaintiff,

AMAZING PAINT PARTY LLC et al.,

Defendants.

Case No. 1:21-cv-03659-VEC

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER

**WHEREAS,** certain information, documents, and things that contain trade secrets or other confidential business or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the Parties and/or non-parties to this Action voluntarily and/or in response to discovery demands;

**WHEREAS,** it would serve the interests of the Parties to conduct this proceeding and discovery herein under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1.      The following definitions shall apply to this Order:

a.      Action: the above-captioned action: *Johnson v. Amazing Paint Party LLC, et al*, No. 1:21-cv-03659-VEC (SDNY).

b.      Party (or Parties): any party to this Action, including its officers, directors, and employees.

c.      Confidential Information: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action, that are designated by any Party or non-party pursuant to this Order as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as set forth herein.

d.      "CONFIDENTIAL" Information or Items: materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party in good faith believes contain information that is and/or concerns: (1) confidential, sensitive, competitive, or potentially invasive of privacy interests; (2) not generally known; and (3) not normally revealed to the public or third parties, or, if disclosed to third parties, is such that the Designating Party would require such third parties to maintain the information in confidence. "CONFIDENTIAL" information may include, without limitation, research and development information (including testing documentation, market and demographic research, and product and advertising development) and personnel information (including compensation, evaluations, and other employment information).

e.      "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party in good faith believes contain information that is and/or concerns: (1) proprietary sensitive technical information; (2) sensitive business-related financial or commercial information and/or materials; (3) Trade Secret; and/or (4) such other documents, information, or materials that relate to proprietary information and/or materials that the Designating Party reasonably believes is of such a nature and character that the unauthorized disclosure of such information would irreparably injury the Designating Party. CONFIDENTIAL – ATTORNEYS' EYES ONLY information may include, without limitation, sensitive information relating to research for or production of products, including internal product specifications; sensitive financial information or marketing plans and forecasts, customer lists, pricing data, cost data, customer orders or customer quotations, sensitive commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting,

accounting, sales figures, and advertising expenditures), sensitive business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents).

        f.    <u>Trade Secret</u>: information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

        g.    <u>Receiving Party</u>: a Party that receives Confidential Information from a Producing Party.

        h.    <u>Producing Party</u>: a Party or non-party that produces Confidential Information.

        i.    <u>Designating Party</u>: a Party or non-party that designates Confidential Information.

        j.    <u>Counsel:</u> Attorneys who have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, as well as their support staffs.

        k.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party.

        l.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, organizing or storing or retrieving data in any form or medium, etc.) and their employees and subcontractors.

        2.    This Order shall apply to all Confidential Information as provided in this Order. All documents, things, written discovery responses, and other information furnished in pretrial discovery are

provided solely for the purpose of this Action between the Parties and may not be used for any other purpose.

3.      Each affidavit or portion thereof, each deposition transcript or portion thereof, each interrogatory answer or portion thereof, each document or portion thereof, each premise or thing or portion thereof, which is deemed by a Party or by a non-party witness producing same to disclose Confidential Information will be so identified and labeled CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as follows:

a.      A Party and/or non-party witness may designate material CONFIDENTIAL only if it, in concurrence with its counsel, in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure and as defined herein. A Party and/or non-party witness may designate material CONFIDENTIAL – ATTORNEYS' EYES ONLY only if it, in concurrence with its counsel, in good faith deems that disclosure of such material to a Party would be injurious to the commercial interests of the Designating Party under the standards of Rule 26 of the Federal Rules of Civil Procedure and as defined herein.

b.      In the case of information voluntarily disclosed in this Action or disclosed as a result of discovery, a Party may identify and mark Confidential Information at the time when an affidavit, pleading, or memoranda is served, when the answer to an interrogatory or request for admission is served, when a copy of a document is provided, or at the time of the inspection of the premises or thing.

c.      In the case of a deposition transcript, the Designating Party shall advise opposing counsel of the specific pages and exhibits to be maintained in confidence within thirty (30) calendar days after receipt of the transcript. The Designating Party shall mark the specific pages and exhibits so designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall send a list and/or copy of such designated pages to the other Party and the Court Reporter who shall conform all copies of the material

in their possession to reflect such confidentiality designation and shall re-bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

        d.      A Party or non-party deponent may also designate testimony or exhibits as Confidential Information during a deposition, a hearing, or at trial by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to Confidential Information pursuant to Paragraph 5 hereof shall be excluded from those portions of the proceeding at which such information is disclosed.  In the event that testimony or exhibits are designated as Confidential Information during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

4.      Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response will not prevent a subsequent confidentiality designation in writing promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the Receiving Party prior to receipt of the written notification shall not be a violation of this Order.

5.      Until and unless the Court rules that any material so identified as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is not, in fact, confidential and should be disclosed beyond the limits permitted by this Order, access, copying, or dissemination of information, documents, and things so identified shall be limited to:

a.      The Receiving Party's Counsel of record and their partners, associates, and of counsel attorneys, and their employees who are not employees of the Parties or their affiliates, including stenographic, clerical, and paralegal employees, whose functions require access to such Confidential Information;

b.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and provided, further, that each Party shall keep a record of all Confidential Information that it discloses to any Expert;

c.      The Court and its officers (including Court Reporters);

d.      Witnesses for deposition and counsel for such witnesses in the course of a deposition;

e.      The Parties, except for documents marked CONFIDENTIAL – ATTORNEYS' EYES ONLY by the Designating Party;

f.      Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure;

g.      jury or trial consultants retained by a Party in this Action, providing that any such consultant is not an employee of a Party nor anticipated to become an employee in the near future; and,

h.      any other person that the Parties hereto agree to in writing.

Any person to whom disclosure will be made pursuant to Paragraphs 5(b) or (h) of this Order shall be given in advance a copy of this Order and shall acknowledge that he or she is subject to the terms of this Order by executing the "Agreement to be Bound by Protective Order" attached here as Exhibit A.  Counsel

for each Party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 5(b) or (h) to whom counsel has disclosed or exhibited any Confidential Information.

6.      Absent Court order, Confidential Information bearing a label specified in Paragraph 3 hereof shall not be made public by a Party or witness to whom they are disclosed, unless they become a part of the public record of this Action.  All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. Such Confidential Information shall be filed with the Clerk of the Court in an envelope marked "CONFIDENTIAL – FILED UNDER SEAL" or pursuant to such other rules as are provided for this purpose by the United States District Court for the Southern District of New York and Section 5 of Judge Caproni's Individual Practices.

7.      This Protective Order shall not foreclose any of the Parties from moving this Court for an order that materials bearing a label specified in Paragraph 3 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure, or that Confidential Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY should be reclassified as CONFIDENTIAL only, or that materials voluntarily disclosed by a Party in these proceedings should not be subject to the protections of this Order.  In addition to service on the opposing Party, a copy of any such motion shall be served on any non-party who designated the material at issue as Confidential Information, and such non-party shall have standing to oppose such motion before the Court. On such motion, the Receiving Party shall have the burden of proving that the material in question is not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should not be restricted. Nothing contained herein shall preclude a Party or non-party witness from:

(a) using or disseminating its own Confidential Information in any way; (b) disclosing information taken from a document marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the Party or non-party witness which is the source of said information or which is, or at any time hereafter becomes, available to the public or which, after access is gained through disclosure in this Action, is at any time obtained by the recipient from any other person, firm, or company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this Order with respect to any Confidential Information designated by it without further order of the Court.

8.      This Protective Order shall not prevent any of the Parties or non-party witnesses from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

9.      Subject to the limitations of this Protective Order, Confidential Information identified in accordance with Paragraph 3 hereto may be used during discovery, during any motion hearings, at the trial of this Action, or in support or in opposition to any motions in this Action subject to the Federal Rules of Evidence and subject to any further Order as this Court may enter, and may be used to prepare for discovery and/or trial and/or any motions in this Action, but may not be used for any other purpose; provided, however, that those portions of such testimony, evidence, and motion papers containing Confidential Information shall also be considered Confidential Information subject to the strictures of this Protective Order and must be filed with the Clerk of this Court in accordance with Paragraph 6 of this Order. When Confidential Information or other documents containing such information are presented, quoted, or referenced in any

hearing, trial, or other proceeding before the Court, counsel of record for the offering Party shall make such intent known so that the Designating Party may request that the Court ensure that, consistent with applicable legal restraints, only persons entitled to receive Confidential Information are present during such presentation, quotation, or reference.

10.     In the event that a Receiving Party shall desire to provide access to Confidential Information hereunder to any person or category of persons not included in Paragraph 5 hereof, it shall meet-and-confer with the Designating Party, and only if necessary, move this Court for an order that such person or category of persons may be given access to the Confidential Information. In the event that the motion is granted, such person or category of persons may have access to the Confidential Information, provided that such person or persons agree in writing, before such access is given, to be bound by the terms of this Protective Order.

11.     Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) business days after the final adjudication of this Action including appeals (or resolution through settlement), each Receiving Party shall destroy all Confidential Information and submit a written certification to the Designating Party (and, if not the same person or entity, to the Producing Party) by the sixty (60) business day deadline that identifies (by category, where appropriate) all the Confidential Information that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition and hearing transcripts, written discovery responses, legal memoranda, correspondence (including email), and attorney work product, even if such materials contain Confidential Information, provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed by this Order. A Party need not destroy Confidential Information that it designated as

CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. A Party that has disclosed Confidential Information to those persons or entities identified in Paragraph 5 is responsible for ensuring that those persons and entities have destroyed such Information and shall include confirmation of the same in the above-described written certification.

12.    No copy of any transcript of any deposition taken by any Party which is designated in part or in whole as Confidential Information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the Parties. Neither the original nor any copy of any transcript of any deposition taken in this Action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information. If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this Action, filed under seal in accordance with Paragraph 6 above unless otherwise agreed upon by the Parties.

13.    If a Producing Party produces or provides in discovery any information that it believes is subject to a claim of attorney-client privilege, work-product immunity, or any other privilege, protection, or immunity, such action shall not constitute a waiver of the applicable privilege, protection, and/or immunity consistent with Rule 502(d) of the Federal Rules of Evidence. The Producing Party may assert any such privilege or work-product claim promptly upon discovery of its production by notifying the Receiving Party of its claim in writing. Upon receipt of such written notice, the Receiving Party shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information, and any information incorporated into its own work product) within three (3) business days of receiving such written notice. The Receiving Party shall promptly provide to the Producing Party a written certification of the complete destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information). Destruction of the information by the Receiving Party shall not constitute an admission or concession, or

permit any inference, that the information is, in fact, properly subject to a claim of privilege, protection, or immunity, nor shall it foreclose the Receiving Party from moving for an order that such information has been improperly designated as subject to a claim of privilege, protection, or immunity or should be produced for reasons other than a waiver caused merely by the production. After the destruction, the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

14.     The Parties agree that the procedures in this Order take the place of redactions of CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, and that no Party may redact or withhold a document exclusively on the basis that it contains CONFIDENTIAL information, CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or information that it deems irrelevant.

15.     All notices and written certifications required by this Order are to be served by email. The date by which a Party to this Action receiving a notice shall respond, or otherwise take action, shall be computed from the date that the email was sent, unless the email was sent after 5:00 pm Eastern Time, in which case it shall be computed from the next day.

16.     In the event that a Party or non-party witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order, or other form of compulsory process requiring that it (the "Subpoenaed Party") produce information, documents, things, or other materials that have been designated as Confidential Information, the Subpoenaed Party shall object to such production on the ground of confidentiality and shall promptly notify the Designating Party of the demand. If the Designating Party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party, and the latter shall cooperate in affording the Designating Party the opportunity to oppose or limit production of the materials, provided that the Designating Party shall bear all expenses, including attorneys' fees, incurred by the Subpoenaed Party in connection therewith.

17.     This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

18.     The Parties are free to seek relief from the Court at any time regarding any provision of this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

Dated:   May 17, 2021

FERDINAND IP LAW GROUP
Alexander R. Malbin, Esq. (AM 9385)
450 Seventh Avenue, Suite 1300
New York, NY 10123
Phone: (212) 220-0523
AMalbin@FIPLawGroup.com

*Counsel for Plaintiff Eric Johnson*

Dated:   May 17, 2021

DUNLAP CODDING P.C.
Evan W. Talley
609 W. Sheridan Avenue
Oklahoma City, OK 73102
Phone: (405) 607-8600
etalley@dunlapcodding.com

*Counsel for Defendants Amazing Paint Party LLC &
Ray Tennyson*

SO ORDERED.

DATED:  New York, New York

_____May 18_____, 2021

Honorable Valerie Caproni
United States District Judge

12

> Notwithstanding anything to the contrary in
> the stipulation, the parties must comply with
> the Undersigned's individual rules when filing
> confidential information.

**Exhibit A – Agreement to be Bound by Protective Order**

1.      I, _____, have read the foregoing Stipulation and Order governing treatment of Confidential Information, dated May __, 2021, and agree to be bound by its terms with respect to any information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Order.

2.      I further agree (a) not to disclose to anyone information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY other than as set forth in the Order; and (b) not to make any copies of any information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY furnished to me except in accordance with the Order.

3.      I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with respect to any proceedings to enforce the terms of the Order.

4.      I hereby agree that any information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of the Action entitled *Johnson v. Amazing Paint Party LLC, et al*, No. 1:21-cv-03659-VEC, pending in the United States District Court for the Southern District of New York, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.


 Dated: _____          Signature:_____