USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ERIC JOHNSON,

                Plaintiff,

- against -

AMAZING PAINT PARTY, LLC, et al,

                Defendants.

Civil Action No. 1:21-cv-03659-VEC

~~[PROPOSED]~~
**DEFAULT JUDGMENT**

       This action having been commenced by Plaintiff Eric Johnson ("Plaintiff") on April 26, 2021 by the filing of a civil Complaint against Defendants, Amazing Paint Party LLC, Ray Tennyson, and Stella And Bobbie LLC ("Defendant S&B"); and,

       On April 27, 2021, the Honorable Valerie E. Caproni having entered an Order (Dkt. 6) that, *inter alia*, ordered the parties to hold early mediation; ordered that Plaintiff file proof of service upon defendants within three days of effectuation of service (and produce certain documents to the served defendants within fourteen days thereafter); directed that Defendants file a notice of appearance within fourteen days of service of process; and directed that a Defendant's timely filing of a notice would extend its deadline to answer or respond to the Complaint until 30 days after the conclusion of mediation; and,

       On September 30, 2021, the Honorable Valerie E. Caproni having entered an Order (Dkt. 42) permitting Plaintiff to complete service of process upon Defendant S&B by substitute service via service upon the California Secretary of State pursuant to California Corporations Code § 1702(a); and,

1

Service of process having been deemed effectuated upon Defendant S&B on October 25, 2021 pursuant to California Corporations Code § 1702(a), by Plaintiff's agent for service of process personally delivering copies of the Complaint, Summons, and other case-initiating documents upon Anthony Ahpo, Deputy, California Secretary of State on October 15, 2021 (with such service deemed complete on the 10th day after such delivery pursuant to California Corporations Code § 1702(a)); and,

Proof of service upon S&B having been filed on October 20, 2021 (Dkt. 43); and,

Defendant S&B having not filed a notice of appearance within fourteen days of service of process; and,

Defendant S&B having not answered or otherwise responded to the Complaint, and the time for answering or otherwise responding to the Complaint having expired; and,

The Clerk of the Court having issued a Certificate of Default pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1 as to Defendant S&B on February 24, 2022; and,

As the Complaint recites, Plaintiff being the owner of copyrights in and to certain photographs registered with the U.S. Copyright Office under U.S. Copyright Registration No. VA 1-910-544; and,

This Court having considered the Complaint in this action, the Declaration of Alexander R. Malbin in support of Plaintiff's Order to Show Cause, together with the exhibits thereto, and Plaintiff's Proposed Order to Show Cause, it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiff have judgment against Defendant S&B in an amount to be determined by inquest; and it is further

ORDERED, ADJUDGED AND DECREED that:

1. Defendant S&B is found to be liable for direct copyright infringement in violation of 17 U.S.C. § 501 *et seq.*, contributory copyright infringement in violation of 17 U.S.C. § 501 *et seq.*, and falsification of copyright management information in violation of 17 U.S.C. § 1202.

2. Defendant S&B, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, be permanently enjoined and restrained from:

   i. reproducing, distributing, publicly displaying, or creating derivative works based upon, the Aaliyah Photographs[1], any substantially similar versions thereof, or any derivative works based thereupon;

   ii. inducing, causing, or materially contributing to any third party's reproducing, distributing, publicly displaying, or creating derivative works based upon, the Aaliyah Photographs, any substantially similar versions thereof, or any derivative works based thereupon;

   iii. engaging in any other activity constituting a direct or contributory infringement of the Aaliyah Photographs or of Plaintiff's right, title, and interest in and to the Aaliyah Photographs;

   iv. providing or distributing false copyright management information to induce, enable, facilitate, or conceal infringement of the Aaliyah Photographs or of Plaintiff's right, title, and interest in and to the Aaliyah Photographs;

   v. engaging in any other activity, including the effectuation of assignments or transfers of interests, formation of other corporations, partnerships, associations or other entities, or the utilization of any other devices, for the purpose of

---

[1] The term "Aaliyah Photographs" has the meaning ascribed to it in Plaintiff's Complaint (*see* Dkt. 2 ¶¶ 1, 16).

   circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2[i]-2[iv] above.

  3. An inquest be conducted to determine the amount of statutory damages, reasonable attorneys' fees, and costs, together with prejudgment interest, which Defendant S&B must pay to Plaintiff.

  4. This Court retains jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

  The Clerk of the Court is hereby directed to enter this default judgment without further action by the Court.

Plaintiff is ordered to seek an inquest on damages by no later than **April 15, 2022.**

Dated: New York, New York
    March 25, 2022

               _____
               VALERIE E. CAPRONI, U.S.D.J.

4